IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



EOD
09/06/2006

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COMMUNITY HEALTH CARE | § | Case No. 03-11710 |
| FOUNDATION, INC., d/b/a | § | |
| DOCTORS HOSPITAL | § | |
| | § | |
| Tax ID:  xx-xxx8152 | § | |
| 5500 39th Street, Groves, TX 77619 | § | |
| | § | |
|            Debtor | § | Chapter 11 |

| | | |
|---|---|---|
| COMMUNITY HEALTH CARE | § | |
| FOUNDATION, INC., d/b/a | § | |
| DOCTORS HOSPITAL | § | |
|            Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 05-1044 |
| | § | |
| EMC CORPORATION, d/b/a | § | |
| DATA GENERAL CORPORATION; | § | |
| JULIAN SLATER INSURANCE CO.; | § | |
| INTERNAL REVENUE SERVICE; | § | |
| OWEN HEALTHCARE, INC.; | § | |
| ALLEGIANCE HEALTHCARE, INC.; | § | |
| and KELLY TEMPORARY SERVICES | § | |
| | § | |
|            Defendants | § | |

**MEMORANDUM OF DECISION RESOLVING
COMPETING MOTIONS FOR SUMMARY JUDGMENT**[1]

Now before the Court are competing claims for certain interpled funds asserted by

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as other evidentiary doctrines applicable to the specific parties in this proceeding.

the following Defendants in the above-referenced adversary proceeding:[2] (1) the United States of America, on behalf of its agency, the Internal Revenue Service ("IRS"); (2) Owen Healthcare, Inc. ("Owen"); (3) Allegiance Healthcare, Inc. ("Allegiance"); (4) EMC Corporation; and (5) Kelly Temporary Services.[3] Funds totaling $167,707.31 were interpled into the Court's registry by the Plaintiff-Debtor, Community Health Care Foundation, Inc. (the "Debtor"), following the sale of real property free and clear of liens, claims and encumbrances, conducted pursuant to the Second Amended Liquidating Plan which was confirmed in the underlying bankruptcy case of the Debtor, and the various defendants had asserted perfected liens against such sales proceeds. The Plaintiff-Debtor initiated this interpleader action in order to resolve the priority disputes among these various lien creditors asserting claims against the sales proceeds.

As set forth in the "Scheduling Order Arising from Management Conference" entered on April 14, 2006, the parties agreed that the priority of the competing liens would be determined through the submission of briefs and an agreed stipulation of facts. Briefs were timely submitted by the IRS, Owen and Allegiance. EMC Corporation and

---

[2] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

[3] An entry of default was entered against one remaining defendant, Julian Salter Insurance Agency, on January 12, 2006.

Kelly Temporary Services, though participating in the agreed stipulation of facts, elected to forego the filing of any brief and therefore each has forfeited any claim to the interpled funds.

*Agreed Stipulation of Facts*

1.   Prior to October 27, 2005, Community Health Care Foundation, Inc., Debtor in Cause No. 03-11710 pending before the United States Bankruptcy Court for the Eastern District of Texas, deposited in escrow $167,707.31, for payment to creditors pursuant to Debtor's Second Amended Plan. This money was the proceeds of the sale of land located in Jefferson County, Texas.

2.   On December 16, 2003, the Internal Revenue Service filed a proof of claim in Cause Number 03-11710, Claim Number 29, for taxes due in the amount of $677,416.16. Of this amount, $675,185.05, was filed as a secured claim. This claim was based on taxes due for tax periods ending September 30, 2001 and December 31, 2001, and were assessed on December 24, 2001, and March 25, 2002, respectively. Liens were filed under the laws of the Internal Revenue Service with the Real Property Records of the County Clerk of Jefferson County, Texas, and the Secretary of State of the State of Texas on May 15, 2002.

3.   On April 19, 2004, Owens Healthcare filed a proof of claim in Cause Number 03-11710, Claim Number 94, for a secured debt in the amount of $876,659.52. On January 24, 2003, Owens Healthcare received a judgment in the 281st District Court of

Harris County, Texas for $812,714.58, plus interest. An abstract of this judgment was filed with the County Clerk of Jefferson County, Texas, on April 10, 2003.

4. On March 26, 2003, Allegiance Healthcare, Inc., received a judgment in the 136th District Court of Jefferson County, Texas, for $74,693.28, plus interest and attorney's fees. An abstract of this judgment was filed with the County Clerk of Jefferson County, Texas, on May 15, 2003.

5. On May 9, 2002, EMC Corporation, Inc., received a judgment in the County Civil Court Number 2 of Harris County, Texas, for $275,837.09, plus interest. An abstract of this judgment was filed with the County Clerk of Jefferson County, Texas, on June 17, 2002.

6. On April 8, 2002, Kelly Temporary Services received a judgment in the Justice Court Precinct 1, Place 2 of Harris County, Texas, for $2,820.08, plus interest. An abstract of the judgment was filed with the County Clerk of Jefferson County, Texas, on June 17, 2002.

*Discussion*

In this case, the parties have agreed that there is no factual dispute in need of resolution and the IRS, Owen, and Allegiance have presented what are essentially opposing motions for summary judgment based upon conflicting interpretations of the applicable law. For cases in which the unresolved issues are primarily legal rather than

factual, summary judgment is particularly appropriate. *Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995) ["A federal court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly."].

The IRS asserts that its claim to the interpled funds is entitled to priority over the claims asserted by all other parties. It is uncontested that the IRS perfected its lien on May 15, 2002, prior to the time that Owen, Allegiance, or any other defendant filed an abstract of judgment in the appropriate judgment records of Jefferson County, Texas.[4] Thus, the IRS claims priority under the "first in time – first in right" rule. Owen and Allegiance assert that the claim of the IRS is not entitled to priority over their judgment liens because, unlike their claims, the debt to the IRS has not "been proven in Court or litigated in any manner" and that the IRS "has wholly failed to make the requisite showing that it is legally entitled to the funds Interplead (sic) in this matter."[5] Owen and Allegiance offer no jurisprudence or other legal support for such an argument.

The existence of federal tax indebtedness, or the validity of a lien securing the payment of federal tax indebtedness, is not determined by whether it has been subjected

---

[4] It is uncontested that the situs of the real property sold by the Debtor under its confirmed plan was located in Jefferson County, Texas.

[5] See *Brief in Support of Claim by Owen Healthcare, Inc. and Allegiance Healthcare, Inc.* filed on June 2, 2006 (dkt #22) at p. 2.

**Page 5**

to a litigation process.[6] A tax debt arises from the assessment authority granted to the Secretary of the Treasury or his delegate.[7] There is no dispute in this case that the tax claims asserted by the IRS were properly assessed on December 24, 2001, and March 25, 2002, respectively.[8] Once assessed, a springing statutory lien securing the payment of such tax claims arose pursuant to 26 U.S.C. §6321 which provides that:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

This springing lien arose at the time that the original assessment was made and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time.[9] *Don King Prod., Inc. v. Thomas*, 945 F.2d 529, 533 (2d Cir. 1991) ["A federal tax lien is

---

[6] That would particularly be true of the claims adjudication process in a bankruptcy case under which a claim is deemed allowed against the estate unless an objection is specifically brought against it. 11 U.S.C. §502(a) ["A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest ... objects."]. However, the claims process affects only the distribution process governed by the bankruptcy process and, even if a creditor might choose to forego any participation in the bankruptcy, any lien asserted by the creditor would pass through the bankruptcy case unaffected unless specifically challenged.

[7] 26 U.S.C.A. §6201 (2002). The term "Secretary" as used in §6201 and throughout the Internal Revenue Code is defined in 26 U.S.C.A. §7701(a)(11)(B) (West Supp. 2006).

[8] *Agreed Stipulation of Evidence* ¶ 2.

[9] 26 U.S.C.A. §6322 (2002).

effective upon assessment against all persons, even in the absence of recordation of the lien."]; *Rice Inv. Co. v. United States*, 625 F.2d 565, 568 (5th Cir. 1980).

That general rule has one statutory exception. Notwithstanding the springing nature of the lien in favor of the IRS, such a "secret" lien does not operate as a valid lien against several classes of creditors, including a judgment lien creditor, until notice of the existence of the lien is filed. *Cooper Indus., Inc. v. Compagnoni*, 162 F.Supp.2d 702, 706 (S.D. Tex. 2001). 26 U.S.C. §6323 provides, in relevant part, that:

> (a) The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

The notice of lien need not be served specifically upon judgment creditors in order to become effective. It is the filing of the notice itself which perfects the federal tax lien as against other lienholders. *Planned Furniture Promotions, Inc. v. Benjamin S. Youngblood, Inc.*, 374 F.Supp.2d 1227, 1235 (M.D. Ga. 2005); *Middlesex Sav. Bank v. Johnson*, 777 F. Supp. 1024, 1027 (D. Mass. 1991) ["(A) federal tax lien is 'valid' against *certain* third persons (e.g., judgment lien creditors) only after being recorded by filing a notice of the lien pursuant to § 6323(f)."].

It is again undisputed by the parties that the IRS properly filed notice of its tax

liens in the real property records of Jefferson County (and with the Secretary of State) in compliance with 26 U.S.C. §6323(f).[10] Thus, on December 24, 2001, and March 25, 2002, respectively, the federal tax liens asserted by the IRS against the Debtor's subject property became perfected as against competing liens.

Since, pursuant to the stipulation of the parties, the filing of the notice of the federal tax lien asserted by the IRS against the Debtor undoubtedly occurred prior to the filing of any abstract of judgment by any of the other defendants,[11] the liens asserted by these judgment lien creditors were not "choate" at the time that the IRS provided notice of the existence of the federal tax lien,[12] and therefore the IRS liens are entitled to priority over the judgment liens asserted by the other defendant-claimants under the common law principle that "the first in time is the first in right." *United States By and Through I.R.S. v. McDermott*, 507 U.S. 447, 449, 113 S.Ct. 1526, 1528, 123 L.Ed.2d 128 (1993), *quoting United States v. City of New Britain*, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520

---

[10] 26 U.S.C. §6323(f)(1)(A)(i) provides that, as to liens on real property, the notice referenced by §6323(a) must be filed "in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated." §6323(f)(2)(A) establishes that the situs of real property is at its physical location.

[11] Under Texas law, a judgment lien is perfected when an abstract of judgment is recorded and indexed in a particular county pursuant to the procedures set forth in TEX. PROP. CODE ANN. §52.001 – §52.043 (Vernon 1995 and Supp. 2006).

[12] "A lien becomes choate when there is nothing more to be done to perfect it, i.e., when the identity of the lienor, the property subject to the lien, and the amount of the lien is established." *Baybank Middlesex v. Elec. Fabricators, Inc.*, 751 F.Supp. 304, 310 (D. Mass. 1990), *citing New Britain*, 347 U.S. at 84, 74 S.Ct. at 369.

(1954); *Western Nat'l Bank. v. United States*, 8 F.3d 253, 255 (5th Cir. 1993) ["Since no evidence in the record shows the existence of a state claim prior to the notices filed [by the IRS], the federal lien has priority."]; *Hanafy v. United States*, 991 F. Supp. 794, 800 (N.D. Tex. 1998) [finding that federal tax lien notices filed on August 20, 1996 gave federal tax liens priority over deed filed on September 4, 1996].

### *Conclusion*

Accordingly, because there is no dispute that the aggregate amount of the IRS liens entitled to priority under the foregoing analysis exceeds the $167,707.31 which was interpled into the Court's registry in this action by the Plaintiff, the Court concludes that the IRS holds a superior claim to such funds as against all of the other named defendants, and all such funds, including the interest which has accrued thereon, shall be awarded to the IRS, less the sum of $3,000.00 which shall be awarded to Floyd A. Landrey, attorney for the interpleading Plaintiff, Community Health Care Foundation, Inc., and all claims of Defendants, EMC Corporation d/b/a Data General Corporation, Julian Slater Insurance Co., Owen Healthcare, Inc., Allegiance Healthcare, Inc., and Kelly Temporary Services to the interpled funds shall be denied. Further, the Court shall release and discharge the interpleading Plaintiff, Community Health Care Foundation, Inc., and its attorney, Floyd A. Landrey, from any further liability as to the funds deposited with the Court which were derived from the sale of the Debtor's 2.986-acre tract, more commonly described as the

medical office building adjacent to Doctor's Hospital, as authorized by the sales order entered in case no. 03-11710 on January 29, 2004, and as amended on April 20, 2004, respectively. An appropriate judgment shall be entered consistent with this opinion.

      Signed on 09/05/2006

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE